## AMBROSE MERRILL *versus* DANIEL C. STANWOOD & *al.*

When one agrees to sell, and another to buy articles, at a specified price, and no credit is stipulated for, the delivery of the goods and the payment of the price are to be simultaneous and concurrent acts.

As between the immediate parties to a promissory note given for the right of selling patent sewing machines, it is no defence that the payee agreed, in part consideration of the note, to furnish the maker machines as fast as wanted, and that the maker, having numerous and urgent calls for machines, repeatedly sent orders to the payee for them but received none, and the maker was thereby damaged, unless it be also proved that either the pay accompanied the orders, or that the payee was to furnish the machines on credit.

ON REPORT from *Nisi Prius*, RICE, J., presiding.

ASSUMPSIT on a promissory note given by the defendants to Shaw & Clark for $100, and indorsed to the plaintiff.

Plea, general issue, and a brief statement setting out the same grounds of defence. Plaintiff, to make out his case, read the note declared on and the indorsement thereon.

Defendants called Daniel Pike, cashier of the Freeman's Bank of Augusta, who testified that the note in suit was sent to him by Shaw & Clark, before it became due, for collection ; that he kept it in his possession till it became due when he demanded payment of the defendants, which was refused, and he soon after sent the note to Shaw & Clark at Biddeford, by mail.

Defendants then offered to prove that the note was given in part payment for the patent of Reymond's Sewing Machine for the State of Maine, purchased by deed; that the price paid for said patent was $700 ; that, at the same time they purchased the patent, and, as a part of the same transaction, Shaw & Clark verbally agreed with defendants to furnish the machines to them from time to time as fast as they were wanted, and as defendants might order them, at the price of $5 a piece ; that defendants sold the patent for certain portions of the State with the same agreement on their part, that they would furnish the machines to the pur-

chasers as fast as wanted ; that defendants, having numerous and urgent calls for machines, repeatedly sent orders to Shaw & Clark for them, which were never filled — by reason of which the defendants could not supply those who had purchased of them — consequently the sales were stopped and the business spoilt — and that they were damaged thereby more than the amount of the note.

Plaintiff objected to the evidence as inadmissible. No account was filed in set-off.

The case was taken from the jury and reported for the decision of the Law Court — the parties agreeing that, if the testimony offered be admissible, the action shall stand for trial, otherwise the defendants shall be defaulted.

*Libbey,* for plaintiff.

*Lancaster,* for defendants.

The agreement to furnish machines was part of the consideration of the note ; and, so far as Shaw & Clark failed to perform such agreement and thereby damaged the defendants, so far has the consideration failed.

Defendants have a right to retain, as against this note, whatever damages they have suffered in consequence of non-fulfilment of agreement by Shaw & Clark. *Herbert* v. *Ford,* 29 Maine, 546 ; *Herrin* v. *Libbey,* 36 Maine, 350 ; *Hammatt* v. *Emerson,* 27 Maine, 324 ; *Hall* v. *Tribou,* 42 Maine, 192 ; *Harrington* v. *Stratton,* 22 Pick., 510 ; *Perley* v. *Balch,* 23 Pick., 283. So on principle. American Law Register, April No., 1861, title Recoupment.

The opinion of the Court was drawn by

WALTON, J. — The defendants' offering to prove certain facts, as set forth in the report, leaves it doubtful whether it was intended to embrace the proposition that the agreement to furnish the machines formed any part of the consideration of the note in suit or not. The note is said to have been given in part payment for the patent of Reymond's Sewing Machine, which would seem to exclude the

idea of any other consideration for it; but it is afterwards said that, at the same time the defendants purchased the patent, and *as a part of the same transaction*, Shaw & Clark agreed with them to furnish the machines to them from time to time, as fast as they were wanted, and as defendants might order them, at the price of $5 a piece; which seems to convey the idea that the note was not given exclusively in consideration of the conveyance of the patent, but partly in consideration of that, and partly in consideration of the agreement to furnish the machines at the price named, the whole forming but one contract.

It is unimportant, however, to determine which of these views is correct, for, in either case, the proof offered would constitute no defence to the note. Where one agrees to sell, and another to buy articles at a price specified, and no credit is stipulated for, the legal construction of the agreement is, that payment of the price and delivery of the articles are to take place at the same time; and neither can support a claim for damages against the other, for non-performance of the agreement, unless he has performed, or offered to perform, his own part of the agreement. The buyer is under no obligation to advance the pay unless he at the same time receive the goods; nor is the seller under any obligation to part with his goods unless he at the same time receives his pay. In such cases, delivery of the goods and payment of the price are to be simultaneous and concurrent acts.

In this case, the defendants offered to prove that they repeatedly sent orders for machines which were never filled, but they did not offer to prove that they sent the pay for them, or that they were ready and offered to pay for them on delivery; and the Court is not to understand, therefore, that such are the facts. The facts offered to be proved would show no such breach of the contract on the part of Shaw & Clark as would entitle the defendants to damages. No credit was stipulated for, and, to have perfected their claim for damages, the defendants should not only have sent

orders, but they should also have sent pay for the machines. Payment, or an offer to pay, is in such cases a condition precedent to a valid claim for damages. The evidence offered, without more, was insufficient to establish any defence to the note, in whole or in part, and was therefore irrelevant and inadmissible, and, by agreement of the parties, the defendants are to be defaulted.

*Defendants defaulted.*

APPLETON, C. J., RICE, CUTTING and DAVIS, JJ., concurred.